WYS, PLAINTIFF AND APPELLANT, *v.* MUNICIPAL COUNCIL OF PONCE, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in Certiorari Proceedings.

No. 2563.—Decided February 3, 1922.

MUNICIPALITIES—BOARD OF AWARD—COUNCIL OF ADMINISTRATION—CERTIORARI.—
Act No. 9 of May 12, 1920, amending section 43 of the Municipal Law of 1919, conferred upon the boards of award created thereby the power to make the awards to the best bidders; therefore if for any reason an award is void a writ of certiorari can not be sued out against the council of administration of the municipality, especially when there is no averment or showing of any act or decision of the said council that could be set aside.

The facts are stated in the opinion.
*Mr. R. B. Pérez* for the appellant.
*Messrs. D. Sepúlveda* and *E. Flores Colón* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.
The Council of Administration of the city of Ponce ad-

vertised for bids for renting the stalls of the market place of that city and ordered that the board of awards should be composed of the Commissioner of Public Service, the Commissioner of Public Works and the Municipal Secretary.

The said board having met on the day set for the auction, Octavio Wys, F. R. Arévalo and José Barbosa presented written bids and the board awarded the contract to Barbosa.

Thereafter Octavio Wys petitioned the District Court of Ponce for a writ of certiorari and alleged that his bid of $17,885 was the highest; that Barbosa's bid was for no specific amount, but he merely offered $300 more than the highest bid, and that notwithstanding this fact the board awarded the contract to the said José Barbosa. He prayed that the decision of the said board of awards be annulled. The petition was directed against the Council of Administration of the city of Ponce and no act done by the said council in connection with the award to Barbosa was alleged therein.

The writ was issued. The respondent council did not appear, but José Barbosa appeared as intervenor with the consent of the court, which after hearing the evidence entered judgment denying the petition and discharging the writ. From this judgment Octavio Wys took the present appeal.

No act or resolution of the Council of Administration of Ponce in connection with the award made to José Barbosa by the board of awards was established at the trial.

The Municipal Law, Act No. 85 of July 31, 1919, provided in its section 43 that the council of administration created by the act should be the board of awards of the municipality unless otherwise provided therein; but this section was amended by Act No. 9 of May 12, 1920, providing that when the council of administration has to call for bids for the sale or lease of any property, purchase of articles, etc., it shall fix the hour and place for receiving the bids and shall

designate a commission composed of the Commissioner of Public Service, Police and Prisons, another member of the council of administration and the Municipal Secretary, who shall constitute a board of awards publicly to open the bids, pass upon the same and make the award to the best bidder, and that in case two or more persons have submitted bids equally advantageous, verbal bids may be received, the board having the right to reject any or all bids, in which case the council of administration may issue a call for new bids, or take such action in the matter as seems best to the interests of the municipality.

In view of the statutes cited we must conclude that the council of administration was absolutely divested of the authority it had to act as a board of awards by the amendment of 1920, and the amendatory act confers it exclusively upon the commission of three thereby created, only one of whose members can be designated by the council of administration from among the commissioners; and the said commission or board is directly empowered by the act to make the award to the bidder whose bid is, in their opinion, the most advantageous, the exercise of that power not being subject to any resolution of the council of administration; wherefore, if the award is for whatever cause null and void, an action can not be directed against the council of administration, which took no part in the award nor performed any act nor adopted any resolution that could be annulled.

For the foregoing reasons the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justice Hutchison concurred.
Mr. Justice Wolf took no part in the decision of this case.